PER CURIAM.
In plaintiff’s brief on application for rehearing he respectfully submitted that the statement of the Court that: “After the crops were made in the fall of the year the fence was taken down between Kaufman’s 50 acres and the 81 acre tract and the cattle of the defendants and the plaintiff roamed together on both tracts of land.”
Such a statement was based upon the testimony that the gates between the properties were open, and particularly upon the testimony of Albert Ross which was: “No; in the fall, after we got our crops off, we just throwed everything open and the cows went to and from. Mine would be on Mr. Kaufman’s and his would be there all the winter time.” If he meant by this testimony that the cattle roamed only' on the 81 acre tract, still, we are of the opinion that although the defendants, who were Negroes, had heard that part of the property had been sold at tax sale they still retained the same possession over the whole tract except they allowed their white neighbor’s cattle to roam on their land. Neither Hummed, the original tax purchaser, nor Kaufman, the present plaintiff, ever told them directly that they claimed any part of their property. These Negroes went about the even tenor of their way and exercised possession just as their father had done before them by planting crops and using this specific 27 acres.
Also in the brief on application for rehearing it is called to the Court’s attention that the opinion does not specifically state that in answer to the suit of plaintiff that the defendants filed a reconventional demand seeking to set aside the tax title, to which demand the plaintiff filed an exception claiming the benefit of the prescriptive period of five years. This exception was sustained and judgment on reconven-tional demand was rendered in favor of the plaintiff, and thereafter there was a trial on the merits and the Court awarded a second judgment in favor of the plaintiff. There is merit in this contention, however, the original decree reversed the judgment of the District Court and remanded the case. This is exactly what we intended to do, for when we reversed the Lower Court on the plea of five years prescription, which had prevented the defendants and plaintiffs in reconvention from presenting any testimony on their reconventional demand, then of necessity the case was remanded in order that the defendants and plaintiffs in reconvention could fully present their side of the case.
It is therefore ordered that the motion for rehearing be denied.